RUSSELL J. MORSE *v.* C. C. W. LARKIN, EDWIN R. MORSE, AND LEANDER HUTCHINS.

[IN CHANCERY.]

*Chancery. Parties.*

The orator executed notes to L. for the purchase-money of a farm, and secured them by mortgage thereon. He subsequently sold said farm to M., one of the defendants, and took his mortgage thereof, conditioned for the payment of said notes to L. as they fell due. M. sold the farm to the defendant Larkin, who mortgaged the same to M., with like condition. Larkin mortgaged it to H., another of the defendants, to secure a debt he owed him. In a suit to compel the defendants to pay L. the amount due upon said notes, and to release the orator from all further liability thereon, or be foreclosed, it was *held* that L. was a necessary party.

APPEAL from the court of chancery. The bill alleged that on the 28th of March, 1867, one Lord deeded a farm to the orator, in payment for which the orator then executed to him ten promissory notes, six of them for $200 each, and four for $300 each, one payable on the first day of September then next, one on the first day of April then next, and the others annually thereafter, and secured the same by mortgage on said farm; that on the 8th of May, 1867, the orator conveyed said farm to the defendant Morse, who then executed a mortgage thereof to the orator, conditioned that he would pay said notes to said Lord, or his order, as they fell due; that on the 10th of March, 1868, said Morse, having paid the first of said notes, conveyed said farm to the defendant Larkin, who then executed a mortgage thereon to the said

Morse, conditioned that he would pay all.of said notes then outstanding, to the said Lord; that on the 14th of May, 1870, the said Larkin mortgaged said farm to the defendant Hutchins, to secure a debt he then owed him; that of the notes given to the said Lord as aforesaid, six were still in his hands and unpaid, two of which were overdue, and a large amount of interest in arrear on the others; that said Lord had made request and demand upon the orator for the full amount due upon said notes, and threatened to sue him at law therefor, and attach his property, and refused to pursue his said mortgage security. Prayer, that the defendants be decreed to pay the said Lord, or whoever held said notes, the full amount due thereon, and release the orator from any further liability thereon, or be forever foreclosed, &c.

The defendants demurred to said bill, for that the said Lord was a necessary party thereto, and for that it did not appear thereby that the orator had ever paid anything on any of said notes, or that he had been damnified by the non-payment thereof by the defendants, wherefore he had no equity in his said bill. The court, at the April term, 1873, overruled the demurrer, and entered a decree for the orator according to the prayer of the bill.   Appeal by the defendants.

*Daniel Roberts* and *G. W. Kennedy*, for the orator, insisted that the orator had equity in his bill, and cited 3 Parsons Cont. 186, and *Post* v. *Jackson*, 17 Johns. 239; and also insisted that Lord was not a necessary party, and cited *Powers* v. *Powers*, 11 Vt. 262.

*Paul Dillingham & Son*, for the defendants, contended that Lord was a necessary party, and cited Story Eq. Pl. § 1526; 1 Dan. Ch. Pr. 252–3; Mitf. Eq. Pl. 133; *Noyes* v. *Sawyer*, 3 Vt. 160; *McConnell* v. *McConnell*, 11 Vt. 290; and that the orator had no equity in his bill, and cited Story Eq. Pl. §§ 201, 1526; 1 Dan. Ch. Pr. 252–3, 260; *Beardsley* v. *Knight et als.* 10 Vt. 185.

The opinion of the court was delivered by

REDFIELD, J.   It is·the duty of a court of equity to require that all those who have an interest in the mortgage, or may be

affected by the decree, should be made parties. Story Eq. Pl. § 199. " All persons interested in the mortgage money must be before the court." Ib. §§ 199, 201. The orator purchased the land of Lord, gave his notes for the purchase-money, and mortgaged the land to secure them; afterwards he sold the land to E. R. Morse and took his mortgage on the same land, conditioned that he would pay the mortgage debt to Lord, or his order. Lord was alone entitled to the money. The land was pledged to secure the debt to Lord. But the orator was personally holden by signing the notes. The condition of E. R. Morse's mortgage to the orator was broken by neglecting to pay the notes to Lord as they matured. It was his duty to pay them, and it was the right of the orator to have them paid. But E. R. Morse has the right to have the incumbrance lifted, and the debt cancelled *pro tanto* as he pays the money. Lord is solely interested in the *money*. He may decline to receive it, or he may be out of the state. The court can make upon him no requirement; even a decree that the defendants shall pay the money to the clerk of the court in satisfaction of the mortgage, will not bind him. The orator is not entitled to the money until he has paid the mortgage. " All persons materially or beneficially interested in the subject-matter of a suit, are to be made parties * * * so that there may be a complete decree, which shall bind them all." And one reason given is, " that the performance of the decree of the court may be perfectly safe to those who are compelled to obey it, and also that future litigation may be prevented." Story Eq. Pl. § 72. We think Lord should have been made a party to the foreclosure. The decree of the court below is reversed, and cause remanded, with leave for the orator to amend the bill, and cite in other parties, upon the usual terms.